UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Securities and Exchange Commission,      Civil No. 10-4937 (JNE/FLN)

                Plaintiff,     **ORDER AND**
v.     **REPORT &**
    **RECOMMENDATION**
Amit V. Patel,

                Defendant.

_____

Brian Hoffman & Robert Moye for Plaintiff.
Mark E. Czuchry & William Leonard for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 28, 2011 on the Motion of Shilpa Patel to Intervene and Motion to Unfreeze Assets [#25] and Defendant's request that the court authorize the release of $25,000 from assets frozen by prior court order [#40]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Due to the expedited nature of Defendant's request for the release of funds, the Court will address Shilpa Patel's IRA account in this Report and Recommendation, and will later issue a Report and Recommendation addressing the SEC's request for a preliminary injunction. For the reasons which follow, this Court recommends that Shilpa Patel's OptionsHouse IRA Account xxxx2184 be unfrozen.

**I.   BACKGROUND**

On December 20, 2010, the Securities and Exchange Commission ("SEC") filed this case against Defendant Amit Patel ("Defendant"), alleging that he operated a fraudulent investment scheme. (Complaint ¶ 1, ECF No. 1.) On December 21, 2010, District Court Judge Joan Ericksen issued a Temporary Restraining Order ("TRO") and Order Imposing Asset Freeze and

Other Ancillary Relief. (ECF No. 7.) The TRO and asset freeze were extended by orders dated December 30, 2010, January 19, 2011, and February 14, 2011. (ECF Nos. 14, 22, 30.) The asset freeze applies to "all funds and other assets of Defendant Patel." (ECF No. 7.)

In a declaration filed February 2, 2011, Defendant states that OptionsHouse Account xxxx2184, which was frozen under Judge Ericksen's order, contains only money belonging to his wife, Shilpa Patel, which she rolled over from her 401(k) plan. (ECF No. 23.) Defendant requests that account xxxx2184 be released from the asset freeze. Defendant filed as an exhibit the declaration of Shilpa Patel, in which she states that she worked for US Bank for 18 years, and during that period made regular contributions to her 401(k) savings plan. (ECF No. 23, Ex. 5.) She states that in July of 2009 she rolled over her 401(k) funds, and in December 2009 she completed conversion of these funds from a traditional IRA to a Roth IRA at OptionsHouse. *Id.* She states that her IRA account is not connected with any "Investor" funds. *Id.*

On February 9, 2011, Shilpa Patel filed a Motion to Intervene and Motion to Unfreeze Assets (ECF No. 25). In her motion, Shilpa Patel also requests that the Court release her IRA Account xxxx2184 from the asset freeze. In support of her motion to intervene, Shilpa Patel filed a declaration in which she traces the $147,048.02 rolled over from her 401(k) on July 16, 2009 through various accounts with OptionsHouse and US Bank, and ultimately to her OptionsHouse Roth IRA Account xxxx2184. (Shilpa Patel Decl., ECF No. 26.) Shilpa Patel states that no funds other than those originating in her 401(k) were deposited in Account xxxx2184. (Shilpa Patel Decl. ¶ 16.)

In response to the Motion to Intervene and Unfreeze Assets, the SEC filed a Supplemental Declaration of John T. Brodersen. (ECF No. 24.) Mr. Brodersen's account of the fund transfers that lead from the 401(k) to the Roth IRA Account matches that provided by

Shilpa Patel. Mr. Brodersen states that when the $147,393.30 from the 401(k) was deposited into the Patels' US Bank checking account, it was commingled with funds from the investors identified in the Complaint. (Brodersen Supp. Decl. ¶¶ 8-9.)

At the hearing on the motion to intervene and on the SEC's motion for a preliminary injunction, counsel for the SEC and counsel for Amit and Shilpa Patel expressed the view that because Amit Patel adequately represents his wife's interests, the Court could consider the request to unfreeze Shilpa Patel's IRA account without granting her motion to intervene.

## II.  DISCUSSION

Based on the Declaration of Shilpa Patel and attached exhibits, the Court finds that all funds currently in IRA account xxxx2184 originated in Shilpa Patel's 401(k), and the IRA account therefore does not contain any investor funds. While the 401(k) funds were transferred through the Patels' US Bank account, which may have contained investor funds, no more than the amount that was originally rolled over from the 401(k) was invested in the Roth IRA. Therefore, the Court finds that all funds in Account xxxx2184 belong to Shilpa Patel, who is not a Defendant in this action. Accordingly, the Court finds that account xxxx2184 should be released from the asset freeze.

## III.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. OptionsHouse Account xxxx2184 in the name of Shilpa Patel be released from the asset freeze provisions of the temporary restraining order of December 21, 2010 (ECF No. 7).

    2.       Defendant's request for the release of $25,000 from the asset freeze, as expressed in Defendant's letter dated March 8, 2011, be **DENIED as moot.**

## IV. ORDER

Based upon all the files, records and proceedings herein, and in light of the above recommendation, Shilpa Patel's Motion to Intervene (ECF No. 25) is **DENIED as moot.**

DATED: March 11, 2011             _____*s/ Franklin L. Noel*_____
                                                            FRANKLIN L. NOEL
                                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 25, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **March 25, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.