UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Securities and Exchange Commission,

        Plaintiff,

v.                                                                                          Civil No. 10-cv-4937 (JNE/FLN)
                                                                                                                          ORDER

Amit V. Patel,

        Defendant.

      This case is before the Court on the Renewed Motion to Distribute Settlement Funds filed by Plaintiff Security and Exchange Commission ("SEC"). For the reasons stated below, the Court grants the SEC's motion.

      On December 20, 2010, the SEC filed a Complaint alleging that Defendant Amit Patel violated various securities laws and seeking, among other things, an order for Patel to disgorge ill-gotten gains. On September 16, 2011, this Court entered Final Judgment against Patel in accordance with his Consent. Pursuant to the Final Judgment, Patel paid $110,000 to the Court (the "Distribution Fund"). In November 2011, the SEC moved to disburse the proceeds in the Distribution Fund and proposed a distribution and notice plan where it would compile and file with the Court any objections to the distribution plan and the SEC's responses. On September 5, 2012, the Court denied the SEC's motion without prejudice because the SEC had not filed the objections or its responses with the Court. The SEC brought its Renewed Motion to Distribute Settlement Funds on April 2, 2013. It also filed the objections to the proposed distribution plan and its responses to those objections. On April 29, 2013, the SEC moved to disburse funds to pay tax obligations and to pay the fees and expenses of the tax administrator, and the Court has granted that motion.

A defendant who is liable for securities fraud may be ordered to disgorge ill-gotten gains. *SEC v. Ridenour*, 913 F.2d 515, 517 (8th Cir.1990). "The primary purpose of disgorgement orders is to deter violations of the securities laws by depriving violators of their ill-gotten gains," and the secondary purpose is to compensate fraud victims. *SEC v. Fischbach Corp.*, 133 F.3d 170, 175 (2d Cir. 1997). In distributing the funds that result from those disgorgement orders, the district court defers to the experience and expertise of the SEC in fashioning distribution plans because the SEC is charged by statute with enforcing securities laws. *Official Comm. of Unsecured Creditors of WorldCom, Inc. v. SEC*, 467 F.3d 73, 82 (2d Cir. 2006). "[O]nce the district court satisfies itself that the distribution of proceeds in a proposed SEC disgorgement plan is fair and reasonable, its review is at an end." *Id.* (quotation omitted). "So long as the district court is satisfied that in the aggregate, the plan is equitable and reasonable, the SEC may engage in the kind of line-drawing that inevitably leaves out some potential claimants." *Id.* at 83 (quotation omitted).

The SEC proposes to disburse the Distribution Fund to victims of Patel's promissory note scheme who provided evidence about their injuries before the parties reached a settlement on March 31, 2011. Only two victims match this description, and the SEC proposes disbursing the Distribution Fund in the following manner: 85% to Geeta Vora and 15% to Gunvant Bhatt. Both Vora and Bhatt agree to the SEC's proposed distribution plan. However, as noted by the SEC, the tax liabilities and the fees of the tax administrator must be first paid out of the Distribution Fund before the remaining funds can be distributed.

The SEC sent 22 notices of its distribution plan, and it received objections from 10 individuals. All of the individuals sent letters to the SEC that were similar in form and content and provided little to no information about why they objected. According to the SEC, four of the

10 individuals (Sandeep Patel, Jagdish Patel, Sunil Patel, and Suman Patel) received notice of the SEC's Complaint and did not respond or provide the SEC with any information that was helpful to the SEC or that suggested that they had been victimized. The SEC asserts that these four individuals should not receive money from the Distribution Fund because they were unwilling or unable to assist the SEC in determining whether they were victims. Three other individuals (Shantilal and Champaben Patel and Jitesh Mehta) originally aided the SEC in its investigation of Patel but then changed their stories, and the SEC was unable to show that these individuals were victimized. The remaining individuals (Sheila Desai, Bankim Desai, and Nutan Desai) told the SEC that they were not victimized by Patel's promissory note scheme or did not provide sufficient evidence showing that they were victims. Based on the SEC's responses and the lack of information provided by the objecting individuals, the Court concludes that the SEC's proposed distribution plan is fair and reasonable. It compensates the two known and provable victims of Patel's promissory note scheme and excludes those that did not provide evidence that they were victimized, initially claimed they were victimized and then recanted, or were not victimized.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The SEC's Renewed Motion to Distribute Settlement Funds [Docket No. 66] is GRANTED.

2. Geeta Vora shall receive 85% and Gunvant Bhatt shall receive 15% of the remaining proceeds in the Distribution Fund.

Dated: May 3, 2013

                                              s/Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge